UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CONSECO INSURANCE COMPANY f/k/a ) | | |
| BENEFICIAL STANDARD LIFE ) | | |
| INSURANCE CO., ) | | |
|       Plaintiff, ) | | |
| ) | | |
| vs. ) | 1:06-cv-1229-SEB-JMS | |
| ) | | |
| J.C. PENNEY LIFE INSURANCE COMPANY ) | | |
| and STONEBRIDGE LIFE INSURANCE ) | | |
| COMPANY, ) | | |
|       Defendants. ) | | |

**ENTRY AND ORDER OF TRANSFER**

      This litagation between Plaintiff Conseco Insurance Company f/k/a Beneficial Standard Life Insurance Co. ("Conseco") and Defendants JC Penney Life Insurance Company ("Penney") and Stonebridge Life Insurance Company ("Stonebridge") has a long and highly disputatious history which, until now, has played out primarily in the United States District Court for the Central District of California and before the Ninth Circuit Court of Appeals. For the reasons discussed in this entry, we conclude that the ultimate resolution of this dispute must come from our sister jurisdiction and, accordingly, we hereby transfer this cause to the Central District of California.

*Background*

      The named parties to this lawsuit are the successors in interest to parties who previously, in 1967, entered into an agreement to sell certain insurance companies. Conseco is the successor in interest to Beneficial Standard Life Insurance Company, which in 1967 sold two of its

insurance subsidiaries to the J.C. Penney Company. The J.C. Penney Company then created a new life insurance company under its own name, which is the "Penney" named as a defendant here. It is claimed that Stonebridge, the other defendant, is the assignee or successor in interest to Penney. In an effort to reduce confusion, we will, hereafter, as often as feasible refer to the two sides as "Conseco" and "Penney," respectively, without specifying further whether a particular fact actually relates to a predecessor or successor in interest.

As a term of the 1967 sale of the two insurance companies, Conseco retained a certain portion of contingent indemnity liability on policies issued prior to the sale. In April of 1998, Conseco filed suit in the Central District of California seeking declaratory relief concerning its indemnity obligations to Penney, claiming in part that Penney was not fulfilling its obligations under the purchase agreement. Penney filed a counterclaim seeking a judicial declaration that Conseco is obligated to indemnify it for certain claims that have been made under pre-sale policies issued by the two insurance companies. After hearing argument and receiving briefing on competing summary judgment motions, the district court in California concluded, among other things, that:

> 1. The purchase agreement requires Conseco to reimburse Penney for all costs that Penney incurs in handling claims made by insureds under policies issued prior to the purchase date.
>
> 2. As a condition precedent to reimbursement, Penney must tender all claims made under such policies to Transit Casualty Company ("Transit"), because there was also a reinsurance agreement entered into by the parties wherein Transit assumed the responsibility for handling such claims in the first instance.[1]

---

[1] At the time of the 1967 purchase agreement, Transit was a reinsurer with corporate ties to Beneficial Standard Life Insurance Company, the seller of the two insurance companies. However, at this time no ties remain between Transit and Beneficial's successor, Conseco.

>3.  If Transit fails to fulfill its obligations under the reinsurance agreement, then Penney must handle the claims made on policies issued pre-purchase.
>
>4.  The reimbursement to which Penney is entitled is for all costs associated with handling, defending and/or paying such pre-sale policy claims, net of any reinsurance proceeds available to Penney and only if Penney has exhausted all rights to such reinsurance.
>
>5.  Penney, in addressing certain claims, unreasonably admitted the existence or terms of a pre-sale policy and, as a consequence of such unreasonable conduct, is not entitled to reimbursement for any of those particular claims.

*Beneficial Standard Life Insurance Company v. J.C.Penney Life Insurance Company,* No. CV-98-2792-SVW, Revised Judgment and Order, CMECF docket entry #231 (C.D. Cal. Jan. 21, 2003).

The district court's decision was appealed and, on June 21, 2005, the Ninth Circuit affirmed in part and reversed in part in an unpublished opinion. *Beneficial Standard Life Ins. Co. v. J.C. Penney Life Ins. Co.*, 137 Fed. Appx. 9, 2005 WL 1432914 (9th Cir. 2005). The district court's ruling was affirmed with respect to Conseco's indemnity obligations to Penney, but reversed with respect to Conseco's obligation to indemnify Penney with regard to the particular claims in which Penney had unreasonably admitted the existence of a policy. The Ninth Circuit opined that the breadth of the indemnity and reimbursement provisions in the 1967 purchase agreement demonstrated an intent by the parties to indemnify Penney, even when Penney acted negligently in its claim handling. *Id.* at *12.

On remand, Conseco sought permission to amend its complaint, including the assertion of one of the claims it has made in this lawsuit, to wit, that it is entitled to a declaration that it owes no indemnity with respect to 34 claims which Penney allegedly failed to tender to Transit or as to which Penney failed to pursue reinsurance as required under the agreements. In other

words, Conseco maintains there was a failure of a condition precedent to its obligation of reimbursement.

The federal district court in California denied Conseco's motion to amend its complaint as originally filed, but did grant it leave, pursuant to Fed. R. Civ. P. 15(b), to file a more limited revised amended complaint, setting forth a claim of bad faith which would conform to the evidence it had offered in the earlier proceedings. The Court noted that, in its earlier findings which had given rise to the appeal, it had stopped short of addressing an issue it was now required to consider upon remand. More specifically, the district court noted its earlier decision regarding the effect of Penney's admission of the existence of a policy was based on Conseco's negligence theory, and that now Conseco should be permitted to pursue its contention that its indemnity obligation has been discharged on those insurance claims based on Penney's breach of the obligation of good faith and fair dealing. *See Beneficial Standard Life Insurance Company v. J.C.Penney Life Insurance Company,* No. CV-98-2792-SVW, Order Granting Plaintiff's Motion to Amend Pursuant to Rule 15(B), CMECF docket entry #279 (C.D. Cal. Dec. 12, 2006). Summary judgment briefing on that bad faith claim remains pending and a hearing is set on the motion for November 19, 2007. *Beneficial Standard Life Insurance Company v. J.C.Penney Life*

*Insurance Company,* No. CV-98-2792-SVW, Stipulation and Order, CMECF docket entry #320 (C.D. Cal. Aug. 8, 2007).

The Court did not permit Conseco to further amend the complaint to add a count challenging its indemnity obligations on the 34 claims premised on Penney's failure to seek the reinsurance to which it was entitled.  The transcript of the hearing before the California Court on Conseco's motion to amend reveals the Judge's view with regard to such a claim.

> THE COURT: In my view, the proper way to deal with these issues, that is, Penney's alleged failure to seek reinsurance, would be to file another claim, another complaint; and Penney could respond to that complaint on rightness (*sic* - substitute "ripeness") grounds or any other ground.

*Beneficial Standard Life Insurance Company v. J.C.Penney Life Insurance Company,* No. CV-98-2792-SVW, Transcript of Hearing held on June 19, 2006.

Following that advice, Conseco filed a new lawsuit asserting its claim that there was a failure of a condition precedent with respect to the reinsurance.  That lawsuit, which also contains a *quia timet*[2] claim, was filed in Indiana state court and removed to this court.  Penney now contends that this lawsuit should be dismissed for several reasons.  After careful consideration, we are not persuaded that dismissal is appropriate under the circumstances as they exist here, but do conclude that the case should be transferred to the Central District of California.

---

[2] *Quia Timet* is an equitable doctrine that allows relief based on a concern over future probable injury, such as where there is a danger that a defense at law might be prejudiced or lost if equity does not step in beforehand.  *Black's Law Dictionary* (8th ed. 2004).

*Discussion*

Penney argues that this lawsuit should be dismissed because the federal district court in California has previously ruled that Conseco's claims are not ripe and because Conseco has pled no facts here to support the extraordinary equitable remedy of *quia timet*. In the alternative, Penney claims that this case is subject to dismissal under the doctrine of *forum non conveniens.*

According to Penney, the doctrine of collateral estoppel applies here, because the California federal district court has already ruled that there is no federal jurisdiction with respect to the 34 claims for which Conseco seeks a declaratory judgment regarding its indemnity obligations. Had the district court in California actually made such a ruling, Penney would have the better side of this argument. However, we find no evidence of such a ruling in the submissions by the parties and, while it may at some point decide that its earlier orders are tantamount to a determination that Conseco's claims are not ripe, the referenced statement by the Court at the June 2006 hearing by no means conveys that it was possessed of such an impression at that time. The California federal district court judge instead simply expressed the view that the issue of any failure to seek reinsurance on the part of Penney should be the subject of another lawsuit.

Conseco's decision to drag this dispute half way across the country to be pursued in a second jurisdiction does nothing to advance the cause of efficient justice. Other than Conseco's residency in Indiana, there is no connection whatsoever between the issues or the parties to this forum. *Forum non conveniens*, a common law doctrine which allows a court to dismiss or decline jurisdiction over an action which has no real connection to a chosen venue and would

result in significant inconvenience or inefficiency for the court, witnesses and parties, has for the most part been replaced in federal jurisprudence by transfer jurisdiction, under 28 U.S.C. § 1404(a). *In re Joint Eastern & Southern Districts Asbestos Litigation*, 22 F.3d 755, 761 (7th Cir. 1996). Under the *forum non conveniens* doctrine, to overcome the priority ordinarily given to a plaintiff's forum selection, both private and public interest factors are to be considered. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947). In recognizing the appropriateness of the application of the doctrine in federal courts, the Supreme Court described numerous factors to be weighed and balanced in making a *forum non coveniens* determination, including: trial expense, witness convenience and availability, location of sources of proof, the relationship of the forum to the litigation, calendar congestion and the application of foreign law. *Id.*

The year following the Supreme Court's decision in *Gilbert*, Congress enacted the convenience transfer statute, codified as 28 U.S.C. §1404(a). Though the factors to be considered in applying that statute are nearly identical to those applicable under the common law doctrine, under § 1404(a), dismissal is not appropriate so long as there is an alternative federal forum. *In re Joint Eastern & Southern Districts Asbestos Litigation*, 22 F.3d at 761-62. When transfer is an option as opposed to a dismissal, courts have broader discretion to assess the factors that either support or defeat the choice of a particular venue. *Id.* At 762; *see also,* 17 *Moore's Federal Practice,* § 111.03[2] (Matthew Bender 3d ed.). A district court is permitted to give Plaintiff's choice of forum, which remains an important consideration, less weight if transfer is permissible

under the statute, rather than dismissal under *forum non conveniens*. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253-54 (1981).

Penney does not discuss the possibility of a transfer of this cause in its motion, though it asserts that California is clearly the most appropriate jurisdiction for resolving the parties' dispute. The 1967 purchase agreement out of which the current disagreement arose was executed in California and involved at least one California company. The documents that are expected to form much of the proof are located in California or in states other than Indiana. It is undisputed in any event that California law applies in resolving this dispute. No key witnesses, to the extent that any remain available, have been located in or near Indiana. Only Conseco's merger with Beneficial Standard Life Insurance Company, which occurred years after the 1967 purchase agreement, provides no more than the slightest and most tenuous of connections to this state, underscoring the fact that the citizens of Indiana would have little if any public interest in the outcome of this dispute. Moreover, the Central District of California has become the established battleground for these parties and this dispute, which has lingered on that docket for more than eight years. To the extent that the ongoing litigation between the parties bears a relationship to the previously resolved issues in the California federal courts, and we think it does, that court and in particular the assigned judge are far better positioned to continue their oversight of this litigation - every part of it.

Penney's request for a dismissal of this Indiana case based on *forum non conveniens* is premised on precedential authority involving foreign venues, that is, where the alternative forum is outside the United States. *American Dredging Co. v. Miller*, 510 U.S. 443, 449 n. 2 (1994). Where an appropriate and more convenient federal venue exists, questions of convenience and

efficiency and whether to transfer a case are resolved under 28 U.S.C § 1404(a). Accordingly we deem Penney's motion to dismiss on the basis of *forum non conveniens* to be a motion to transfer, which we hereby GRANT for the reasons explained above.

### *Conclusion*

The interests of justice as well as the convenience of the parties and witnesses dictate that this matter be transferred to the United States District Court for the Central District of California presumably to be related to the companion case already pending there. Accordingly, Defendants' motion (Doc. #7) is GRANTED IN PART, to the extent the motion which was based on the doctrine of *forum non conveniens* is now deemed instead a motion to transfer, pursuant to 28 U.S.C. § 1404(a). The motion is DENIED in all other respects. Plaintiff's Request for Oral Argument (Doc. #38) is also DENIED,

The Clerk of this Court is directed to transfer this matter to the docket of the United States District Court for the Central District of California.

IT IS SO ORDERED.

Date: 09/27/2007

*[signature]*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Thomas Anthony Doyle
BAKER & MCKENZIE LLP
thomas.a.doyle@bakernet.com

James J. Dries
BAKER & MCKENZIE
james.j.dries@bakernet.com

David Michael Holmes
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP
David.Holmes@wilsonelser.com

Katharine Hoyne Hosty
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
katharine.hosty@wilsonelser.com

Thomas F. Hurka
BAKER & MCKENZIE LLP
thomas.f.hurka@bakernet.com

John R. Hurley
DLA PIPER US LLP
john.hurley@dlapiper.com

Mark Lionel Karasik
BAKER & MCKENZIE
One Prudential Plaza
130 East Randolph Dr.
Chicago, IL 60601

Daniel John McMahon
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP
mcmahond@wemed.com

Luanne  Sacks
DLA PIPER RUDNICK GRAY CARY US
LLP
luanne.sacks@dlapiper.com

Daniel E. Tranen
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP
tranend@wemed.com